# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| STEPHANIE PORTWOOD, mother, individually, and personal representative of ERIC STEFAN BAGGETT, deceased, and A.L.B., minor daughter and heir at law of ERIC STEFAN BAGGETT, deceased, ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No.: 3:13-CV-00186 JUDGE TRAUGER |
| MONTGOMERY COUNTY, TENNESSEE and CORRECT CARE SOLUTIONS, LLC, ) ) ) ) | |
| Defendants. ) | |

## DEFENDANT CORRECT CARE SOLUTIONS, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Defendant Correct Care Solutions, LLC, ("CCS"), by and through counsel, files this reply to Plaintiffs' Response to Correct Care Solutions' Motion to Dismiss.

In response to CCS's Motion to Dismiss, Plaintiffs contend that all claims and affirmative defenses against CCS be treated equally. (Doc. 21.) As such, Plaintiffs argue that if Plaintiffs' claims are to be dismissed for failure to comply with the requirements of the Tennessee Health Care Liability Act, justice requires the affirmative defenses of Montgomery County be stricken for their equal failure to comply with the requirements of the statute. (Doc. 21.)

Plaintiffs do not cite to any authority that would deny CCS the relief it seeks. Instead, Plaintiffs contend that it would be an "injustice" to dismiss Plaintiffs' claims and prohibit Plaintiff from arguing the alleged responsibility of CCS while allowing Montgomery County to allege CCS's comparative fault. (Doc. 21.) As stated in CCS's Memorandum in Support of its

Motion to Dismiss, however, Plaintiffs' failure to comply with the requirements of the Tennessee Health Care Liability Act requires that Plaintiffs' claims against CCS be dismissed. (Doc. 19).

CCS has not sought to strike any allegations or references of comparative fault against CCS in Montgomery County's answer. At this time, CCS only seeks dismissal of Plaintiffs' claims against CCS. Again, Plaintiffs have failed to comply with the Tennessee Health Care Liability Act found at Tennessee Code Annotated section 29-26-101 *et seq*. Specifically, Plaintiffs have failed to comply with the certificate of good faith requirement of the Act and acknowledge this deficiency in their Amended Complaint by conceding that "they are unable to satisfy the strict filing requirements of The Tennessee Health Care Liability Act." (Doc. 11, at ¶ 72.) Furthermore, Plaintiffs failed to comply with the pre-suit notice requirements and offer no explanation as to why they have failed to do so.

For the reasons stated above and those contained in the Motion and Memorandum in Support of the Motion to Dismiss, CCS's Motion should be granted and Plaintiffs' Amended Complaint against this Defendant should be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.

By /s/ Lindsy Paduch Stempel
Lisa R. Cole, BPR No. 16262
R. Dale Bay, BPR No. 10896
Lindsy Paduch Stempel, BPR No. 26513
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615
(615) 259-1366
*Attorneys for Defendant Correct Care Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of July, 2013, a copy of the foregoing <u>Reply to Plaintiff's Response</u> was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Mark Nolan, Esq.
    Baston Nolan, PLC
    121 South Third Street
    Clarksville, TN 37040

    L. Russell Belk, Jr., Esq.
    Rocky McElhaney Law Firm
    1516 Sixteenth Avenue South
    Nashville, TN 37212

                                            /s/ Lindsy Paduch Stempel_____